UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JCA CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TREDIT TIRE & WHEEL CO., INC.,<br><br>　　　　Defendant. | CASE NO. C06-0632RSM<br><br>ORDER GRANTING MOTION<br>TO TRANSFER VENUE |

## I. INTRODUCTION

This matter comes before the Court on defendant's motion for change of venue. (Dkt. #2). Defendant argues that this case should be transferred to the United States District Court for the Northern District of Indiana, as a related case to *Tredit Tire & Wheel Company, Inc. v. JCA Corporation*, Civil Action No. 06CV0214RM (N.D. Ind. 2006). Defendant notes that the same parties are involved in both cases, and asserts that the cases arise out of the same facts and circumstances.

Plaintiff opposes the transfer request, and asserts that these two cases are distinct from each other and should continue in each of chosen forums. (Dkt. #9).

For the reasons set forth below, the Court disagrees with plaintiff and GRANTS defendant's motion for transfer of venue.

ORDER RE: VENUE
PAGE – 1

## II. DISCUSSION

### A. Standard of Review

A district court may transfer a civil action "for the convenience of parties and witnesses [and] in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The moving party bears the burden of showing that jurisdiction and proper venue would exist in the district to which a transfer is requested. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). The district court has broad discretion to consider case-specific circumstances. *Deputy v. Long-Term Disability Plan of Sponsor Aventis Pharms.*, 2002 U.S. Dist. LEXIS 22583, at *5 (N.D. Cal. Nov. 21, 2002) (Henderson, J.).

When determining whether a transfer is proper, this Court employs a two-step analysis. First, the Court considers the threshold question of whether the case might have been brought in the forum to which the transfer is sought. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). If the Court concludes that venue is proper in the transferee court, it then balances the plaintiff's interest to freely choose a litigation forum against considerations of convenience of defendant and witnesses and the interest of justice. *See id.*

### B. Analysis

Defendant argues that trying this case in the Northern District of Indiana serves the interest of justice because the same facts and circumstances serve as the basis for both actions. It further asserts that the current action was simply filed in response to, and in defense of, the claims made by it as plaintiff in the Indiana action. Defendant also asserts that litigating the two cases in different parts of the country would be inefficient and a waste of judicial resources.

In opposition of the motion to transfer, plaintiff argues that transfer is inappropriate because it has chosen the proper forum for its case, great weight should be lent to that choice of forum, transfer to Indiana is not more convenient to the parties and witnesses, and the two actions involve distinct claims not arising from the same facts and circumstances.


Although both the United States District Court for the Western District of Washington and the United States District Court for the Northern District of Indiana are both appropriate venues, the Court now finds, as further explained below, that plaintiff's interest in having the Western District of Washington as a litigation forum is outweighed by the interest of justice in this case. Defendant has met its burden for transfer of the instant action.

### *1. Action Could Have Been Brought in Transferee Forum*

Before the Court may transfer a case pursuant to 28 U.S.C. § 1404(a), it must determine that the transferee court will be a proper venue. Here, defendant asserts that this action could have been brought in the Northern District of Indiana because its principal place of business is located in that District. Plaintiff does not dispute that assertion, and can not. The instant action was brought in federal court pursuant to its diversity jurisdiction. "[W]herein jurisdiction is founded only on diversity of citizenship," a civil action may be brought in the judicial district where the defendant resides. 28 U.S.C. § 1391(a)(1). Accordingly, the Court agrees that this action could have been properly brought in the Northern District of Indiana.

### *2. Convenience and Interests of Justice*

As noted above, once this Court determines that this case could have been brought in the transferee forum, the Court must then weigh plaintiff's choice of forum against the convenience of defendant and the witnesses and the interests of justice.

A plaintiff's choice of forum is afforded substantial weight in the Court's balancing test. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Indeed, "it is incumbent upon the moving party to demonstrate 'a strong case for a transfer' by showing that the interests of justice and of the parties will be served most fairly and efficiently in the transferee forum. Where the court finds that the relevant factors balance equally, the plaintiff is entitled to his choice of forum." *Snyder v. Madera Broadcasting, Inc.*, 872 F. Supp. 1191, 1199 (E.D.N.Y. 2003) (citations and internal quotation omitted).

Based on the record before it, this Court finds that defendant has demonstrated the

interests of justice and of the parties will be served most fairly and efficiently in the transferee forum.  First, the Court finds no inconvenience in requiring plaintiff to litigate the instant action in Indiana.  Because defendant had instituted a prior lawsuit against plaintiff in the Northern District of Indiana, and plaintiff does not appear to oppose defending the action in that forum, the instant parties will be litigants in Indiana regardless of the outcome of this motion.  Thus, requiring plaintiff to litigate the instant action in Indiana will not add additional inconvenience or burden to plaintiff, nor has plaintiff asserted such an argument.  On the other hand, if this Court were to deny the instant motion, both parties would be required to litigate these cases in two different districts at the same time, causing inconvenience and additional expense to defendant.[1]

       Furthermore, the Court agrees with defendant that the interest of justice weighs in favor of transferring this case to Indiana.  The question of which forum will better serve the interest of justice is of predominant importance on the question of transfer, and factors involving convenience of parties and witnesses are subordinate.  The Ninth Circuit Court of Appeals has held that transfer is proper if there is even just the possibility of consolidation of discovery or witness testimony, whereas actual consolidation of the cases may not be necessary.  *A.J. Indus., Inc. v. United States Dist. Court for Cent. Dist.*, 503 F.2d 384, 389 (9th Cir. 1974).  The instant action and the Indiana action involve the same parties, and apparently many of the same witnesses.  It also appears that the claims raised in each action are intimately involved.  While plaintiff in the instant action alleges that its claims arise out of unpaid invoices pertaining to tires not part of the recall claims in the Indiana action, it appears from the record that defendant has withheld payment to cover recall and warranty expenses which are the subject of the Indiana suit.  Thus, the same or substantially the same facts appear to give rise to both law suits.

       For all of these reasons the Court finds transfer to the Northern District of Indiana

---

[1] Witnesses appearing in both actions would also be required to appear in two different districts in potentially the same time frames.  However, both cases appear to involve witnesses from Washington and Indiana; thus, some witnesses will be inconvenienced regardless of where the proceedings take place.  Accordingly, this element does not weigh in favor of either party.

ORDER RE: VENUE
PAGE – 4

appropriate.

### III.  CONCLUSION

Having reviewed defendant's motion for transfer (Dkt. #2), plaintiff's opposition to that motion (Dkt. #9), defendant's reply in support (Dkt. #13), the declarations in support of those briefs, and the balance of the record, the Court does hereby find and ORDER:

(1)  Defendant's Motion for Change of Venue (Dkt. #2) is GRANTED.

(2)  This case is hereby TRANSFERRED to the Northern District of Indiana, pursuant to 28 U.S.C. § 1404(a).

(3)  The Clerk is directed to CLOSE this case and transfer all original documents to the Northern District of Indiana.  The Clerk shall also send a copy of this Order to all counsel of record.

DATED this 14 day of August, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE